UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | ] | Case No. 97-56350-ASW |
|---|---|---|
| Ron McNiel, Sr. | ] | Chapter 7 |
| Debtor. | ] | |

MEMORANDUM DECISION ON
MOTION FOR SUMMARY JUDGMENT

Before the Court is an objection by three creditors in this Chapter 7[1] case to a claim filed by another creditor in the case. The objection ("Objection") is by Maria Teresa DeSaracho; Eureka Canners Group, S.A.; and Eureka Mexicana, S.A. (collectively, "Objectors"). The claim ("Claim") was filed by Behram DeSai ("DeSai"), as trustee of several trusts. Susan L. Uecker is the trustee of the Chapter 7 case ("Chapter 7 Trustee"), and has joined in the Objection. This Memorandum Decision resolves the motion for summary judgment filed by Objectors seeking to subordinate the Claim because it was filed after the claims bar date.

The Objectors are represented by William J. Keegan, Esq. of The Keegan Law Firm. DeSai is represented by Samuel E. Goldstein, Esq.

---

[1] Unless otherwise noted, all statutory references are to Title 11, United States Code ("Bankruptcy Code"), as applicable to cases commenced on July 30, 1997.

of Samuel E. Goldstein & Associates.  The Chapter 7 Trustee is represented by Randy Michelson, Esq. of Bingham McCutchen LLP.  The matter was briefed and argued, and the Court stated its findings of fact and conclusions of law on the record.  Post-hearing, the Court requested additional briefing from the parties.  This Memorandum Decision supersedes the findings and conclusions stated on the record by this Court at the hearing and shall constitute the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

FACTS

The relevant facts are undisputed.

On July 30, 1997, Ron McNiel, Sr. ("Debtor") commenced this bankruptcy case by filing a petition under Chapter 11.  On August 4, 1997, the Court issued a notice announcing that December 16, 1997 was the last day for filing claims in the Chapter 11 case.

On October 27, 2000, the bankruptcy case was converted to Chapter 7.  The Chapter 7 Trustee was appointed on November 9, 2000.  On February 2, 2001, the Chapter 7 Trustee issued a notice announcing that March 7, 2001 was the last day for filing claims in the Chapter 7 case ("Claims Notice").  The Claims Notice was served by mail on Debtor, and on DeSai at his correct address.  The Claims Notice also was served on counsel representing Ron McNiel, Jr. ("Ron") in an adversary proceeding pending during the Chapter 7 claim filing period.

1    Pre-petition, Debtor created three trusts for the benefit of

2  Aln J. McNiel ("Aln"):  the Aln J. McNiel Education Trust-1982

3  ("1982 Trust"), created by the Debtor on February 16, 1982; the

4  Aln J. McNiel Trust-1988 ("1988 Trust"), created by Diane Barbara

5  McNiel ("Diane") on November 30, 1988; and the Aln J. McNiel Trust-

6  1989 ("1989 Trust"), created by the Debtor and Diane on

7  December 22, 1989.  On June 1, 2000, Dale Dawson resigned as

8  trustee of the three trusts and Ron subsequently became trustee of

9  the trusts.  Ron resigned his trusteeships on October 23, 2000.

10  Debtor appointed himself trustee of the 1982 Trust on October 23,

11  2000.  On October 30, 2000, Aln petitioned the Superior Court of

12  California, County of Santa Cruz ("State Court"), inter alia, to

13  appoint DeSai as trustee of the three trusts.

14    On March 1, 2001, the State Court conducted a hearing on Aln's

15  petition.  On or about that date, a minute order ("Minute Order")

16  was issued in the State Court case,[2] reciting that Aln and DeSai

17  were among those who appeared at the hearing, and stating as

18  follows:

19    The Parties address [sic] the issue(s) now before the
     Court.
20
     The Court grants the Petition to Remove Trustees, Appoint
21    Successor Trustee, Impose Equitable Lien on Trust Property.

22    The Court appoints Mr. DeSai as temporary trustee.

23    Mr. DeSai is directed to prepare the order pursuant to
     California Rule of Court 391.
24

25

26    [2] It is the Court's understanding that (1) the State Court records the oral rulings of the court
     in minute orders created by the courtroom clerk and placed in the file; and (2) the State Court does
27    not create permanent minutes of its proceedings.  The courtroom clerk is advised to place a minute
     order in the file as soon after the hearing as feasible.  See Declaration of Samuel E. Goldstein in
28    Response to Court Order re Motion for Summary Judgment filed on May 6, 2005, ¶¶ 6-8, and
     uncontested on these points.

MEMORANDUM DECISION ON
MOTION FOR SUMMARY JUDGMENT
                                                    3

On March 15, 2001, the Minute Order was amended to delete the second paragraph. DeSai acknowledges being present at the hearing on March 1, and hearing the State Court's ruling as reflected in the Minute Order.

Following the March 1, 2001 hearing and before a written order was signed, DeSai wrote and sent several letters asserting his role as trustee of the 1982 Trust, 1988 Trust and 1989 Trust and seeking to take possession of all the records and assets of the trusts and to have certain accountings performed for those trusts.

On April 11, 2001, the State Court issued a written order ("Written Appointment Order") appointing DeSai as "sole temporary trustee" of the 1982 Trust, 1988 Trust, and 1989 Trust.

On April 20, 2001, DeSai filed the Claim in the Bankruptcy Court, identifying the claimant as himself in the role of "Trustee for: Aln J. McNiel Education Trust - 1982 / Aln J. McNiel Trusts: 1988 & 1989" and annotating the claim form to state "THIS IS A COURT APPOINTED TRUSTEE CLAIM****". The basis for the Claim is stated as "IRREVOCABLE TRUSTS HAVE ASSETS IN PARTNERSHIPS FOR BENEFICIARY Aln J. McNiel / (SEE EXHIBIT - 1) /For Partnerships (registered & recorded) SEE EXHIBITS 2, 3 & 4. / PROBATE LITIGATION IN PROGRESS AT: SUPERIOR COURT, COUNTY OF SANTA CRUZ". The amount claimed is stated to be "$5 MILLION". The Claim is described as being secured by real property and rental income; the description also refers to an "EXHIBIT 1", which is a copy of the Written Appointment Order. The value of the secured claimant's collateral is shown as "$15.5 MILLION + Contingent non-liquidated debt. Trust income to beneficiary Aln J. McNiel".

The Objectors first filed an objection to the Claim in 2002, asserting that the Claim had been filed late and should therefore be allowed only as provided by §726(a)(3), which subordinates late claims to timely claims and those filed late by claimants who lacked either notice or actual knowledge of the bankruptcy case in time to meet the bar date. The Objectors received summary judgment, which was appealed by DeSai. On June 13, 2003, the Unites States District Court for the Northern District of California issued an order ("District Court Order") reversing this Court's decision, and remanding the matter "for further findings consistent with this order". The District Court Order states the following findings and conclusions:

> Based on its review of the entire record in this case, as well as on the briefs filed in this appeal, the Court concludes that there are genuine issues of material fact as to whether DeSai was Trustee of any of the Aln McNiel Trusts during the claim filing period of December 7, 2000 to March 7, 2001. The Court finds that it cannot conclude from the record that Appellees satisfied their burden to show that DeSai was the legally appointed Trustee during the claim filing time since the record is devoid of any trust documents for either the 1982 or 1989 Aln McNiel Trusts.[3] Rather, the record contains only the Aln McNiel 1988 Trust. The 1988 Trust documents clearly state that, upon resignation of the Trustee, certain named individuals may succeed as Trustee. Neither Ron McNiel, Sr. nor Michael Leath are listed as permissible successor trustees under the 1988 Trust. Although Ron McNiel, Jr. is listed as a permissible successor trustee, the record relied upon by Appellees to support their argument indicates that Ron McNiel, Jr. resigned as Trustee on October 23, 2000. This resignation was prior to the new claims period. Further, the record does not show that Ron McNiel, Jr. was served with notice of the new claims period, even assuming he had not resigned as Trustee of the 1988 Trust.

> In addition, the Court agrees with DeSai that it cannot rely on the letter allegedly filed by DeSai in June of 2000 for several reasons. First, the letter is not properly authenticated. However, even assuming for

---

[3] A copy of the trust document for the 1982 Trust is included in the moving papers for this summary judgment motion. DeSai has withdrawn his claim based on the 1989 Trust.

purposes of this motion that DeSai was the author of the
letter, the 1988 Trust documents do not permit DeSai to
succeed as successor trustee without court approval.
Therefore, even if DeSai purported to act on behalf of the
1988 Trust, the only trust for which the Court has
documentation, such representation was invalid without
court approval.

In addition, the record is devoid of any proof that
DeSai made court appearances on behalf of the Trusts.
Again, however, assuming the truth of this argument for
purposes of this motion, DeSai was without legal and proper
authority to make such court appearances without court
approval and appointment as the legal trustee.

Appellees next argue that, even assuming that DeSai
was not the proper trustee for the Aln McNiel Trusts, his
predecessor trustees had notice of the claims filing period
and failed to file timely claims.  A review of the trust
documents in the record before the Court reveals, however,
that Dale Dawson resigned as trustee for the 1988 Trust on
June 1, 2000.  The Debtor did not convert the bankruptcy
from a Chapter 11 to a Chapter 7 bankruptcy until
October 27, 2000, after the date that Dale Dawson resigned.

As noted above, DeSai, even if he misrepresented
himself as the trustee of the Aln McNeil Trusts after
October 27, 2000, was not the properly appointed trustee
and could not, therefore, have legally filed a claim on
behalf of the trusts.  Dale Dawson has resigned as trustee
and could not, therefore, file a legal claim on behalf of
the trusts.  Based on the 1988 Trust documents, neither Ron
McNiel, Sr. nor Michael Leath could serve as successor
trustees.  Finally, although Ron McNiel, Jr. could have
served as a successor trustee, the record indicates that
Ron McNiel, Jr. resigned as Trustee on October 23, 2000.
This resignation was prior to the new claims period.
Further, the record does not show that Ron McNiel, Jr. was
served with notice of the new claims period, even assuming
he had not resigned as Trustee of the 1988 Trust.  For all
of these reasons, the Court grants DeSai's appeal.

On March 24, 2004, Objectors deposed DeSai.  In his deposition,

DeSai authenticated the letter he sent to the bankruptcy court in

June 2000.  DeSai also acknowledged that he had actual knowledge of

Debtor's bankruptcy case before the claims bar date.  DeSai also

acknowledged that on March 19, 2001, he wrote letters to his

predecessor trustee (the Debtor) and to Aln's step-mother's lawyer

where DeSai states that "as of March 1, 2001 I am the sole court

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  appointed successor trustee" for the 1982 Trust, 1988 Trust and

2  1989 Trust.[4]

3      On May 11, 2004, DeSai purported to amend the Claim by filing a

4  new claim identifying the claimant as himself "as Trustee of the

5  1982 and 1988 Lynedt McNiel Trusts and the 1982 and 1988 Mickey

6  McNiel Trusts -- See Attached" and checking the box for "amends"

7  and annotating the claim form to state "See Attached."[5]  The basis

---

8      [4] In his deposition, Desai testified:

9  Q.  Right.  I am going to hand you Exhibit 22.
   A.  Okay.

10          (Whereupon, Exhibit 22 [March 19, 2001 letter from DeSai to Debtor]

11          was marked for identification.)
   MR. KEEGAN:  Q.  Exhibit 22, I think this might have been the letter you were fishing for.

12  A.  I am sorry?
   Q.  I think this might have been the letter you were fishing for for Ron McNiel?

13  A.  Oh, that's right.  That's the one.  Credibility guaranteed here, isn't it?
   Q.  How so?

14  A.  That's the one, sir.
   Q.  Okay.  So as of March 19th -- well, as of March 19th putting this together with your

15  former testimony, is it correct then that as of March 19th, 2001 you were still under the impression
   that you could operate as a sole trustee based upon the oral order that you heard in Court on March

16  1st?

17  A.  That is a correct statement.
   Q.  So then we can deduce that sometime after March 19th, 2001 is when Union Bank

18  rebuffed your request because you did not have a formal order yet?
   A.  That's true.

19  Q.  And I'll hand you Exhibit 23.
          (Whereupon, Exhibit 23 [March 19, 2001 letter from DeSai to Michael

20          Gurev, Aln's step-mother's lawyer] was marked for identification.)
   MR. KEEGAN:  Q.  Exhibit 23 is a letter to Michael Gurev Dated [sic] also the same date,

21  March 19th, 2001, where you say the same thing that you did to Mr. McNiel; namely, that on March
   1st, 2001 -- I am looking at the third paragraph, "I became the sole appointed temporary trustee for

22  the referenced Aln McNiel Trusts," right?
   A.  Right, right.

23  Q.  And on the top of the next page you say on the second line, "I am quite right -- I am quite
   in my right as a court appointed sole trustee to make sure to protect the trust property, to see it

24  remains productive," right?
   A.  Thank you, Counsel.  That is a correct statement.

25
   DeSai Deposition at 116:20-118:11 (Exhibit B to the Keegan Declaration in Support of

26  Motion for Summary Judgment or Partial Summary Judgment on Claim Re-Classification)

27      [5] The Objection objects only to the Claim and does not object to the Amended Claim.  At the
   hearing, DeSai asked how the Court's ruling applied to the Lynedt McNiel Trusts and the Mickey

28  McNiel Trusts.  The Lynedt McNiel Trusts and Mickey McNiel Trusts were not part of Objectors'
   motion for summary judgment and the Court makes no express ruling regarding those trusts.

---

for the claim is stated as "claimant incorporates his claim of 4/20/2001." The date the claimed debt was incurred states "prior to the date of conversion to Chapter 7 on October 27, 2000." The amount claimed is stated to be "SAME AS PRIOR CLAIM - $5 MILLION - See Attached" and "THIS CLAIM IS NOT INTENDED TO ADD TO THE ORIGINAL CLAIM OF $5 MILLION FILED 4/20/2001 - See Attached." The claim is marked as an "UNSECURED NONPRIORITY CLAIM" and "See Attached" is entered. The attachment states:

> The following explanation and information is provided in connection with the Amended Proof Of Claim of Behram DeSai, Trustee and is part of the Amended Proof of Claim.

> DESAI'S APPOINTMENT AS TRUSTEE

> Subsequent to the passage of the claims deadline of March 7, 2001, Claimant, Behram DeSai became trustee of the 1982, 1988, and 1989 Aln McNiel Trusts by the Order of the Santa Cruz County Probate Court entered on April 11, 2001, in Case No. PR-41902. Claimant DeSai filed his Proof of Claim on or about April 20, 2001, as trustee of the 1982, 1988, and 1989 Aln McNiel Trusts.

> On December 5, 2001, in Case No. PR-42293, the Santa Cruz County Probate Court entered its order appointing Claimant DeSai as Trustee of the 1982, 1988, and 1989 Lynedt McNiel Trusts.

> On January 15, 2002, the parties to Santa Cruz Probate Court Case No. PR-42361 stipulated on the record to Claimant DeSai's appointment as trustee of the 1982, 1988, and 1989 Mickey McNiel Trusts. The court entered its order to that effect on or about January 15, 2002.

> Following entry of the three orders, Claimant DeSai was the trustee of nine trusts: the 1982, 1988, and 1989 Aln McNiel Trusts; the 1982, 1988, and 1989 Lynedt McNiel Trusts; and the 1982, 1988, and 1989 Mickey McNiel Trusts.

> EFFECT OF THIS AMENDMENT OF PROOF OF CLAIM

> This Amendment to Proof of Claim is intended to make the following changes and modifications of Claimant Behram DeSai's initial claim filed with this court on or about April 20, 2001:

> <u>Withdrawal of Claim as Trustee of the 1989 Aln McNiel Trust</u> - The claim of Claimant DeSai in his capacity as trustee of the 1989 Aln McNiel

Case: 97-56350   Doc# 1876   Filed: 09/30/05   Entered: 10/06/05 09:02:30   Page 8 of 36

Trust is withdrawn.  No other withdrawals of
claims are intended by this Amendment to Proof of
Claim.

<u>Claim as Trustee of the 1982 and 1988 Lynedt
McNiel Trusts</u> - The claims of Behram DeSai in his
capacity as trustee of the 1982, 1988, and 1989
Aln McNiel Trusts asserted in the Original Proof
of Claim are reasserted by as [sic] claims of
Behram DeSai in his capacity as trustee of the
1982 and the 1988 Lynedt McNiel Trusts.

<u>Claim as Trustee of the 1982 and 1988 Mickey
McNiel Trusts</u> - The claims of Behram DeSai in his
capacity as trustee of the 1982, 1988, and 1989
Aln McNiel Trusts asserted in the Original Proof
of Claim are reasserted by as [sic] claims of
Behram DeSai in his capacity as trustee of the
1982 and the 1988 Mickey McNiel Trusts.

<u>Original Amount Of Claim Unchanged</u> - The
original claim amount of $5 million shall not be
changed by this Amended Proof of Claim.

On May 18, 2004, Objectors filed a motion for summary judgment
seeking to re-classify the Claim as subordinate to the timely-filed
claims of other unsecured creditors.


II.

<u>ANALYSIS</u>

<u>A.  LAW OF THE CASE DOCTRINE</u>

DeSai asserts that the District Court's denial of the prior
summary judgment motion is the law of the case.  Denial of a prior
motion for summary judgment establishes law of the case only when
the court in the prior motion "clearly intended to decide the
issues at hand." <u>Fed. Ins. Co. v. Scarsella Bros., Inc.</u>, 931 F.2d
599, 601 n.4 (1991).[6]

---

[6] At oral argument, DeSai cited cases asserting that the mandate rule, related to the law of
the case doctrine, requires this Court to adhere to certain conclusions rendered by Judge Ware in the
District Court Order.  The Court finds it inappropriate to raise new issues for the first time at oral
argument.  Even if the Court were to consider DeSai's arguments, the Court finds that none of the
cases cited by DeSai involve a situation where an appellate court reversed an order granting a motion

Here the District Court held that the record before it was insufficient to carry the Objectors' burden for summary judgment because it left material factual issues in dispute and remanded the matter to this Court. That appears to this Court to be all the District Court decided. The District Court did not decide the legal issues of whether an oral appointment of a trustee is sufficient to empower him to file a claim in a bankruptcy case for the trust and did not decide the factual issues of what notice and/or knowledge DeSai actually had regarding the bankruptcy case. Thus, the law of the case doctrine does not limit this Court's analysis on Objectors' current motion for summary judgment.

### B. MOTION FOR SUMMARY JUDGMENT

Objectors move for summary judgment on three grounds. First, DeSai's appointment as trustee was effective as of the March 1, 2001 hearing in State Court -- and by that time he knew of the claims bar date. Alternatively, Debtor was appointed trustee of the 1982 Trust as of October 23, 2000, so if DeSai was not the

---

for summary judgment (because it found that factual issues precluded summary judgment on the record then before the trial court) and remanded the matter for further proceedings. U.S. v. Bell, 988 F.2d 247 (1st Cir. 1993), involved the remand of a criminal sentence where the defendant sought to readdress issues not raised in the original appeal. Magnesystems, Inc. v. Nikken, Inc., 933 F.Supp. 944 (C.D. Cal. 1996), involved applying determinations made in granting a prior motion for summary judgment to a motion for leave to file an amended answer and counterclaim. In re Fraschilla, 235 B.R. 449 (9th Cir. BAP 1999), involved a change of law between the remand from the bankruptcy appellate panel and trial in the bankruptcy court.

Those cases are distinguishable from the present situation where an appellate court has reversed a motion granting summary judgment based on finding "genuine issues of material fact as to whether DeSai was Trustee of any of the Aln McNiel Trusts during the claim filing period of December 7, 2000 to March 7, 2001." District Court Order at 5:24-6:2. The District Court found that the summary judgment order that was on appeal was erroneous because, on the record as it then existed, there were genuine issues of material fact precluding summary judgment. The record now has been augmented by depositions and document authentication, and is now different than it was when the prior order was appealed. This summary judgment decision is based on the new expanded record.

trustee, Debtor was between October 23, 2000 and April 9, 2001 and had knowledge of the claims bar date. Alternatively, Ron did not receive permission from Aln to resign his trusteeships over the 1982 Trust and 1988 Trust, so his resignation was ineffective and Ron had knowledge of the claims bar date.

## 1. Appointment of DeSai

It is undisputed that DeSai was appointed trustee of the 1982 Trust, 1988 Trust, and 1989 Trust at a State Court hearing on March 1, 2001, that he was present in court, and knew of the appointment at that time. The parties dispute the legal effect of the State Court orally appointing DeSai as temporary trustee of the three trusts. Determining the legal effect of the State Court oral ruling requires this Court to interpret California law and is not an exercise of this Court's discretion.

Objectors contend that DeSai's appointment was effective upon the oral ruling of the State Court, citing Cauhape v. Barnes, 135 Cal. 107 (1901) ("Cauhape"). DeSai contends that because the Minute Order directed DeSai "to prepare the [written] order pursuant to California Rule of Court 391," DeSai's appointment was not effective until the written order was entered, citing Cuenllas v. VRL Int'l, Ltd., 92 Cal.App.4th 1050 (2001) ("Cuenllas"), where the court addressed the impact of a minute order on the timeliness of an appeal under California Rule of Court 2 ("Rule 2").

In Cauhape, a trustee was appointed in 1884 under a will to operate a butchering business. That trustee retired, another was appointed, and, on April 13, 1887, the third trustee, defendant Barnes, was appointed trustee according to the minutes of the court. Barnes was present in court at the time he was appointed

and commenced acting as trustee at that time. The validity of Barnes' appointment was not contested until October 1895. The California Supreme Court held that Barnes had authority to act at the date of a minute order even without a signed written order:

> There was therefore no legal impediment against Barnes entering upon the duties as trustee at the date of the minute order, which, as a matter of fact, he did, and from that time he performed the duties as trustee; and his acts as such were not even questioned by any one until a short time before the trial of this cause in the court below.

Cauhape, at 110.

Rule 2 and California Rule of Court 391 ("Rule 391"), as argued by DeSai, are inapplicable and do not contradict Cauhape. Rule 2 addresses when an order is effective for the purposes of determining the period in which to file an appeal.[7] Rule 391

---

[7] Rule 2, as of March 1, 2001, provided in relevant part:

(a) Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates:

  (1) 60 days after the date of mailing by the clerk of the court of a document entitled "notice of entry" of judgment;

  (2) 60 days after the date of service of a document entitled "notice of entry" of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or

  (3) 180 days after entry of judgment.

For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled "notice of entry".

(b) For purposes of this rule:

  (1) The date of entry of a judgment shall be the date of its entry in the judgment book or, in a county following the procedure specified in Code of Civil Procedure section 668.5 in lieu of maintaining a judgment book, the date of filing the judgment with the clerk pursuant to that section.

  (2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless the minute order entered expressly directs that a written order be

1  addresses the procedure for preparing and serving proposed written

2  orders.[8]  DeSai asserts that the Minute Order that expressly

3  directed DeSai to prepare a written order pursuant to Rule 391

4  means that the Written Appointment Order is the only order

5  appointing Desai as trustee, citing Cuenllas:[9]

> As recognized in Hughey v. City of Hayward (1994) 24
> Cal.App.4th 206, 209 [30 Cal.Rptr.2d 687], the plain
> language of rule 2(b) "requires us to conclude that even

_____

prepared, signed, and filed, in which case the date of entry shall be the date of filing of the signed order.

(3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court.

(4) The date of entry of a decree of distribution in a probate proceeding shall be the date of its entry at length in the judgment book or other permanent record of the court.

The fact that a written order is to be prepared under the provisions of rule 391 or a similar local rule does not constitute an express direction in the minute order that a written order be "prepared, signed, and filed" within the meaning of (2) above.

[8] Rule 391 provides:

(a) Unless the parties waive notice or the court orders otherwise, the party prevailing on any motion shall, within five days of the ruling, mail or deliver a proposed order to the other party for approval as conforming to the court's order.  Within five days after the mailing or delivery, the other party shall notify the prevailing party as to whether or not the proposed order is so approved.  The opposing party shall state any reasons for disapproval.  Failure to notify the prevailing party within the time required shall be deemed an approval.  Code of Civil Procedure section 1013, relating to service of papers by mail, does not apply to this rule.

(b) The prevailing party shall, upon expiration of the five-day period provided for approval, promptly transmit the proposed order to the court together with a summary of any responses of the other parties or a statement that no responses were received.

(c) If the prevailing party fails to prepare and submit a proposed order as required by (a) and (b) above, any other party may do so.

(d) This rule shall not apply if the motion was unopposed and a proposed order was submitted with the moving papers, unless otherwise ordered by the court.

[9] DeSai also cites County of Nevada v. Superior Court, 183 Cal.App.3d 806 (1986) ("County of Nevada"), but that case does not deal with Rule 391 or Rule 2.  In County of Nevada, the court held that a complaint filed within 30 days of the entry of a written order granting relief from the claim requirement, but more than 30 days after the minute order, was timely filed under Cal. Govt. Code §946.6.

MEMORANDUM DECISION ON
MOTION FOR SUMMARY JUDGMENT                     13

though preparation of a written order is now contemplated in the ordinary course of events, the date of entry remains the date the order is entered in the permanent minutes unless the minute order expressly directs the preparation of a written order.

Cuenllas, at 1052. The Court disagrees with DeSai's analysis.

In Cuenllas, the trial court took a motion to quash under submission on October 13, 1999 and granted the motion pursuant to a minute order sent to the parties on October 20, 1999. The minute order did not require that a formal order be prepared and presented to the court for signature. A proposed judgment of dismissal was circulated on October 29, 1999. The parties disputed the form of order and a formal order was signed and entered on November 23, 1999. A notice of appeal was filed on January 20, 2000. An objection to the timeliness of the appeal was made, based on the fact that the appeal was noticed more than 60 days after the entry date of the minute order. The California Court of Appeal applied Rule 2 and determined that, because the minute order was not titled "notice of entry," the time period for appeal fell under Rule 2(a)(3) and the notice of appeal had to be filed within 180 days of the minute order, which it was.

DeSai would have this Court determine that the Minute Order directing DeSai to prepare a written order pursuant to Rule 391 precludes the State Court's oral ruling appointing DeSai as temporary trustee on March 1, 2001 and the subsequent Minute Order from taking immediate effect. However, the complete language of Rule 2 does not support such an interpretation. The language of Rule 2(b) specifically provides that a minute order that is entered in the permanent minutes of the court is the appealable order irrespective of a subsequent written order later filed pursuant to

Case: 97-56350    Doc# 1876    Filed: 09/30/05    Entered: 10/06/05 09:02:30    Page 14
of 36

Rule 391.  Rule 2 means that a state court minute order can be the effective order of the court -- irrespective of a subsequent written order -- and such an interpretation is consistent with Cauhape.  Moreover, there is no indication either Rule 2 (addressing deadlines for appealing an order) or Rule 391 (addressing procedures for preparing and submitting proposed written orders to the court) were intended to displace the authority and effect of oral rulings issued by the State Court and this Court declines to rewrite state law in this fashion.

Thus, DeSai occupied the capacity of trustee of the 1982 Trust, 1988 Trust and 1989 Trust as of March 1, 2001, and he knew that he did, and he had the power to act for them as of that date.  DeSai was authorized to assume the duties of the Trustee prior to entry of the Written Appointment Order, and in fact did so.  DeSai stated in his deposition that he understood that he was sole temporary trustee of all three trusts as of the March 1, 2001 hearing and believed that it was in his power to safeguard the assets of the trusts to the maximum limit based on the oral order.  DeSai even took actions consistent with this understanding including writing letters to the predecessor trustee and to Aln's step-mother's lawyer based on the March 1, 2001 Minute Order.  Thus, the March 1, 2001 Minute Order was all the authority DeSai needed to file a claim and there was no need to wait for a written order.[10]

---

[10]  There is no requirement in California trust law that a trustee must first have a written signed order before he can undertake any action to protect a trust's interest; nor is there any requirement that a person claiming to be a trustee of a private trust have a formal signed order evidencing such authority prior to filing a claim in a Chapter 7 case.  Moreover, the filing of a claim in a Chapter 7 bankruptcy case can be very informal.  A letter written to the Chapter 7 trustee prior to the claims bar date may well have sufficed.  See In re Holm, 931 F.2d 620, 622 (9th Cir. 1991).

DeSai specifically acknowledges having actual knowledge of the bankruptcy case before his appointment. He said at his deposition that he may not have received the Chapter 7 Trustee Claims Notice regarding a claims bar date of March 7, 2001, set in the converted Chapter 7 case, but he also testified that the proof of service showed his correct address. Under In re Bucknum, 951 F.2d 204 (9th Cir. 1991), DeSai is presumed to have received the notice and has not attempted to rebut that presumption, so, at a minimum, he had constructive notice of the bankruptcy case.

Section 726(a)(2)(C) provides:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed –

. . .

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is –

. . .

(C) tardily filed under section 501(a) of this title, if --

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii)proof of such claim is filed in time to permit payment of such claim.

DeSai had both actual knowledge and constructive notice of the bankruptcy case, and either one is sufficient to subordinate the late claim pursuant to §726(a)(2)(C). DeSai argues that the notice occurred before he became trustee, but cites no authority for the proposition that the knowledge he possessed when he was appointed trustee should not be imputed to him after his appointment.

The Claim was not filed until after the bar date, despite DeSai having had both actual knowledge of the bankruptcy case and notice of the bar date in time to file a timely claim. The Claim must be subordinated to claims that were filed timely and to claims that were filed late by those who lacked either notice or actual knowledge in time to meet the bar date because there are no exceptions and equitable considerations do not apply under Ninth Circuit authority. In re Edelman, 237 B.R. 146, 152-53 (9th Cir. BAP 1999); In re Coastal Alaska Lines, Inc, 920 F.2d 1428, 1432-33 (9th Cir. 1990).

Accordingly, this is not a matter for this Court's exercise of its discretion. As a matter of binding law, the Objection must be sustained and the Claim allowed only to the extent provided by §726(a)(3),[11] as a late claim filed by a creditor with notice or knowledge of the case in time to meet the bar date. Such claims are subordinate to timely claims and to late claims that are filed by creditors without notice or knowledge of the case in time to meet the bar date.

2. Self-designation of Debtor as Trustee of 1982 Trust

Objectors argue that even if DeSai was not appointed as trustee effective March 1, 2001, Debtor became trustee of the 1982 Trust when Ron resigned on October 23, 2000 and was trustee when the proof of claim needed to be filed. The record reflects that Debtor was listed on the proof of service of the Claims Notice and knew of the claims bar date in sufficient time to file a proof of claim.

---

[11] Section 726(a)(3) provides: "third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection."

1    DeSai asserts that Debtor was legally precluded from acting as

2  trustee of any trust under California Probate Code §15643(f)

3  because Debtor was a debtor in a bankruptcy case at the time he was

4  allegedly appointed trustee.[12]  Objectors assert that because Debtor

5  did not file his bankruptcy petition while he was trustee,

6  California Probate Code §15643(f) does not apply.

7    The Court agrees with DeSai that a fair reading of the

8  California Probate Code §15643(f) would preclude a debtor in a

9  pending bankruptcy case from assuming a trusteeship.  While on its

10 face the statute states that a trustee vacates his trusteeship only

11 upon the filing of a bankruptcy petition, the Court finds that it

12 would be inconsistent with the legislative intent to allow a debtor

13 in an active bankruptcy case to become a trustee when that person

14 would have to resign from the trusteeship if he filed a bankruptcy

---

[12] California Probate Code §15643 provides:

There is a vacancy in the office of trustee in any of the following circumstances:

(a) The person named as trustee rejects the trust.

(b) The person named as trustee cannot be identified or does not exist.

(c) The trustee resigns or is removed.

(d) The trustee dies.

(e) A conservator or guardian of the person or estate of an individual trustee is appointed.

(f) The trustee files a petition for adjudication of bankruptcy or for approval of an arrangement, composition, or other extension under the federal Bankruptcy Code, or a petition filed against the trustee for any of these purposes is approved.

(g) A trust company's charter is revoked or powers are suspended, if the revocation or suspension is to be in effect for a period of 30 days or more.

(h) A receiver is appointed for a trust company if the appointment is not vacated within a period of 30 days.

1  petition after becoming a trustee.  Objectors argue that DeSai's

2  interpretation would mean that any person who had ever filed a

3  bankruptcy petition could never again be appointed a trustee.

4  However, the Court does not construe the statutory language to be a

5  permanent bar.  If an individual is a debtor in a pending

6  bankruptcy case, permitting that individual to accept a trusteeship

7  would violate the intent of California Probate Code §15643(f).

8  Thus, the Court accepts DeSai's argument that Debtor could not have

9  replaced Ron as trustee of the 1982 Trust when Ron resigned.

10          3.  Resignation of Ron as Trustee of 1988 Trust

11      Objectors assert that Ron's signing a piece of paper saying

12  that Ron was resigning as trustee did not effectuate Ron's

13  resignation.  California Probate Code §15640[13] provides that when a

14  trust agreement fails to set forth a method for resignation, the

[13] California Probate Code §15640 provides:

A trustee who has accepted the trust may resign only by one of the following methods:

(a) As provided in the trust instrument.

(b) In the case of a revocable trust, with the consent of the person holding the power to revoke the trust.

(c) In the case of a trust that is not revocable, with the consent of all adult beneficiaries who are receiving or are entitled to receive income under the trust or to receive a distribution of principal if the trust were terminated at the time the consent is sought.  If a beneficiary has a conservator, the conservator may consent to the trustee's resignation on behalf of the conservatee without obtaining court approval. Without limiting the power of the beneficiary to consent to the trustee's resignation, if the beneficiary has designated an attorney in fact who has the power under the power of attorney to consent to the trustee's resignation, the attorney in fact may consent to the resignation.

(d) Pursuant to a court order obtained on petition by the trustee under Section 17200.  The court shall accept the trustee's resignation and may make any orders necessary for the preservation of the trust property, including the appointment of a receiver or a temporary trustee.

trustee of an irrevocable trust can only resign with the consent of all beneficiaries or by petitioning the court for permission to resign.  DeSai submitted copies of Ron's resignation letter for the 1982 Trust and 1989 Trust after the hearing.  Neither party submitted a copy of Ron's resignation letter for the 1988 Trust.

Objectors argue that because the 1982 Trust and 1988 Trust[14] provide only that the trustee can resign and do not set forth a manner in which that resignation must occur, the trust documents do not provide a method for the resignation of a trustee and Ron's attempt to resign did not comply with the statute.[15]  DeSai argues that the language in the 1982 Trust and 1988 Trust provide that the trustee could resign and that is sufficient to permit Ron to resign pursuant to his letters.

Assuming _arguendo_ that DeSai was not appointed until the filing of the Written Appointment Order, this Court finds that Ron was the

---

[14] DeSai is asserting the Claim only on behalf of the 1982 Trust and 1988 Trust -- he has withdrawn his Claim against Debtor's estate on behalf of the 1989 Trust, so the Court will not address that trust.

[15] Section 7.01 of the 1982 Trust provides:

> The Trustee shall have the right to resign at any time and on such resignation or in the event of the Trustee's death or other inability to serve as Trustee, the Trustor shall appoint a successor Trustee.  In the event of the failure, refusal, or inability of the Trustor to appoint a successor Trustee, the Trustee or any beneficiary of the Trust may secure, at the expense of the Trust, the appointment of a successor Trustee by a court of competent jurisdiction.

Section 7.01 of the 1988 Trust provides:

> The Trustee shall have the right to resign at any time.  In the event the Trustee is unable to act or ceases to act, then RONALD McNIEL JR., MICKEY McNIEL, LYNEDT McNIEL, MICHAEL JOHN CROMAN, BENJAMIN JAMES CROMAN, or such as are willing and able, shall act as successor trustees.  In the event none of the above qualify or is willing to act, the Superior Court of the State of California shall appoint a successor trustee.

MEMORANDUM DECISION ON
MOTION FOR SUMMARY JUDGMENT                    20

trustee of the 1982 Trust and 1988 Trust during the time that a proof of claim in Debtor's Chapter 7 case needed to be filed on behalf of the 1982 Trust and 1988 Trust. Section 7.01 of both trusts provides that the trustee can resign, but does not set forth any manner in which that resignation is to take place. Since the 1982 Trust document and 1988 Trust document are silent as to how a trustee can resign, the Court finds that Ron could not resign unilaterally pursuant to California Probate Code §15640(a) and, thus, his purported resignation on October 23, 2000 was ineffective.

The parties do not dispute that Ron received the Claims Notice via service of that notice on his attorneys of record, and thus had notice of the claims bar date. Accordingly, <u>arguendo</u>, if DeSai was not appointed trustee of the 1982 Trust and 1989 Trust until April 11, 2001 when the Written Appointment Order was filed, notice of the Chapter 7 claims bar date was still properly given to the 1982 Trust and 1988 Trust via the notice mailed to Ron who remained the trustee of those trusts. Under those circumstances, as explained above, the Objection must be sustained and the Claim allowed only to the extent provided by §726(a)(3), as a late claim filed by a creditor with notice or knowledge of the case in time to meet the bar date.

CONCLUSION

For the reasons set forth above, Objectors' motion for summary judgment is granted. The Claim is allowed only to the extent provided by §726(a)(3), as a late claim filed by a creditor with notice or knowledge of the case in time to meet the bar date.

Counsel for Objectors shall submit a form of order in accordance with this Memorandum Decision after review as to form by counsel for DeSai.

Dated: 9/30/05

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

MEMORANDUM DECISION ON
MOTION FOR SUMMARY JUDGMENT

Amy W. Baghdadi, Esq.
Pillsbury Winthrop
50 Fremont St. 5th Fl.
P.O. Box 7800
San Francisco, CA 94120-7880

Peter J. Benvenutti, Esq.
Heller, Ehrman, White &
McAuliffe
333 Bush Street
San Francisco, CA 94014-2878

Bruce Cornelius, Esq.
Graves, Allen, Cornelius &
Celestre
3650 Mt. Diablo Blvd. #180
Lafayette, CA 94549

David H. Fallek, Esq.
Bingham McCutchen
3 Embarcadero Center #1800
San Francisco, CA 94111-4066

David H. Freedman, Esq.
Erhman, Teicher, Miller,
Zucker et al.
100 Galleria Officentre #333
Southfield, MI 48034

Samuel E. Goldstein, Esq.
Law Offices of Samuel E.
Goldstein
1220 Oakland Blvd. #200
Walnut Creek, CA 94596

Anthony S. Guerriero, Esq.
Bray, Geiger, Rudquist and
Nuss
311 E. Main Street #400
Stockton, CA 95202

Charles L. Hastings, Esq.
Law Offices of Rishwain and
Hastings
4568 Feather River Dr. #A
P.O. Box 70391
Stockton, CA 95267-8791

Kim Elizabeth Baskett, Esq.
Office of the County Counsel
701 Ocean Street #505
Santa Cruz, CA 95060-4068

Ron McNiel, Sr.
4719 Quail Lakes Dr. #G-253
Stockton, CA 95207

Kevin M. Epstein, Esq.
Office of the U.S. Trustee
280 S. 1st St. #268
San Jose, CA 95113-0002

Steven H. Felderstein, Esq.
Felderstein, Fitzgerald et al.
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Maxwell M. Freeman, Esq.
Freeman, D'Aiuto, Pierce,
Gurev et al.
1818 Grand Canal Blvd. #4
Stockton, Ca 95207-8109

Charles B. Greene, Esq.
Law Offices of Charles B.
Greene
84 W. Santa Clara St. #770
San Jose, CA 95113

Michael L. Gurev, Esq.
Freeman, D'Aiuto, Pierce,
Gurev et al.
1818 Grand Canal Blvd. #4
Stockton, CA 95207-8109

Patric J. Kelly, Esq.
Adleson, Hess and Kelly
577 Salmar Ave. 2nd fl.
Campbell, CA 95008

Elizabeth M. Khachigian, Esq.
Brobeck, Phleger and Harrison
Spear St. Tower
1 Market Plaza
San Francisco, CA 94105

James C. Krieg, Esq.
Kreig, keller, Sloan, Reilley
and Roman
114 Sansome St. 7th fl.
San Francisco, CA 94104

Chris D. Kuhner, Esq.
Kornfield, Paul and Nyberg
1999 Harrison St. #2675
Oakland, CA 94612

Harvey L. Leiderman, Esq.
Steefel, Levitt and Weiss
1 Embarcadero Center 30th fl.
San Francisco, CA 94111

Maureen McQuaid, Esq.
Law Offices of Maureen McQuaid
1408 Chapin Ave. #5
Burlingame, CA 94010

Randy Michelson, Esq.
Bingham McCutchen
3 Embarcadero Center #1800
San Francisco, CA 94111-4066

Douglas B. Provencher, Esq.
law Offices of Provencher and
Flatt
823 Sonoma Ave.
Santa Rosa, CA 95404

Reid P. Schantz, Esq.
133 Mission St., #230
Santa Cruz, CA 95060

Elaine M. Seid, Esq.
McPhalin, Sprinkles and Thomas
10 Almaden Blvd. #1460
San Jose, CA 95113

Edward W. Smithers, Esq.
Law Offices of Edward W.
Smithers
160 W. Santa Clara St. #1025
San Jose, CA 95113-1700

John M. Sorich, Esq.
Alvarado, Shapiro and Wilson
4 Park Plaza #1230
Irvine, CA 92614

Nikolai Tehin, Esq.
Law Offices of Tehin and
Assoc.
Bank of America Center
555 California St. 33rd fl.
San Francisco, CA 94104-1609

Janet R. Walworth, Esq.
law Offices of Rehon and
Roberts
10 Almaden Blvd. #550
San Jose, CA 95113

Aln J. McNiel
29374 Chance St
Hayward CA 94544

Annette Causey
Vice President
Comerica Bank-California
55 Almaden Blvd, 2nd Fl
San Jose, CA 95113

Bachecki, Crom and Co.,
Bachecki, Crom and Co., CPA's
Jay D. Crom, CPA
180 Montgomery St. #2340
San Francisco, CA 94104-4203


Bank of America
c/o Harvey L. Leiderman
Steefel, Levitt and Weiss
1 Embarcadero Center, 30th Fl.
San Francisco, CA 94111


Bank of America
6485 N Palm Ave #101
Attn: Ray Bravo
Fresno, CA 93704


Bank of America
P O Box  6179
Fresno CA 93703


Bank of America
c/o Harvey L. Leiderman
Steefel, Levitt and Weiss
1 Embarcadero Center, 30th Fl.
San Francisco, CA  94111


Barry Milgrom
555 Montgomery Street,15th Floor
San Francisco, CA  94111


Behram Desai
Samuel E. Goldstein and Assoc.
1646 N California Blvd Suite 550
Walnut Creek, CA 94596


Behram J. K. DeSai, Trustee
P.O. Box 28
Vill Valley, CA  94942

CA Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

CA Franchise Tax Board
Attn: Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952


CFM 3
445 West Weber  Avenue
Suite  137
Stockton CA 95203


CFM 43 Partnership
445 West Weber Avenue
Suite 137
Stockton CA 95203


CFM Partnership
445 West Weber  Avenue
Suite  137
Stockton CA 95203


Cal Osha
POB 420603
San Francisco, CA 94142


California Regional
Walter Quality Board
3443 Routier Rd Ste A
Sacramento, CA 95287

Coamerica Bank
P O Box 55000
Detroit MI 48255-0005


Comerica Bank
P O Box 55000
Detroit MI 48255-0005


Comerica Bank
Mail Code 7154
PO Box 75000
Detroit, MI 48275-7154


Comerica Bank
POB 49032
San Jose, CA 95161


Comerica Bank
c/o Janet Walworth Esq
10 Almaden Blvd #550


Comerica Bank-California
Janet R. Walworth, Esq
Mahl Rehon Walworth & Roberts
Ten Almaden Blvd. Suite 550
San Jose, CA 95113


Comerica Bank-California
Janet R. Walworth, Esq
Mahl Rehon Walworth & Roberts
Ten Almaden Blvd. Suite 550
San Jose, CA  95113

```
Comerica Mortgage
P O Box 55000
Detroit MI 48255-0005


Comerica Mortgage Corporation
c/o Marcy J. Ford
30150 Telegraph Rd #100
Bingham Farms, MI 48025


Comerica Mortgage Corporation
c/o Marcy J. Ford
30150 Telegraph Rd #100
Bingham Farms, MI  48025


Conagra Inc
107 S Kilroy
Turlock, CA


County Office of Emergency Svc
222 E. Weber Ave
Stockton, CA 95202


County of Santa Cruz
Office of The Treasurer
Tax Collector
POB 801
Santa Cruz, CA 95061


County of Santa Cruz
Office of The Treasurer
Tax Collector
POB 801
Santa Cruz, CA  95061
```

Craig Dunn
9377 E. Summers Court
Stockton, CA  95215


Craig Needam
Liccardo Rossi et  al
1960 The Alameda 2nd Fl
San Jose CA 95126


Craig Needham
c/o Charles B. Greene, Esq.
84 W Santa Clara St. #770
San Jose, CA  95113


Custom Food Machinery, Inc.
Diepenbrock, Wulff, Plant and Hannegan
300 Capitol Mall #1700
P.O. Box 3034
Sacramento, CA  95812-3034


DFEH State of CA
30 Van Ness Ave #3000
San Francisco, CA 94102


Dawson Passafuim
4664 Scotts Vly  Drive
Scotts Vly CA 95066


B.J. DeSai
P.O. Box 28
Mill Valley, CA 94942


Debra Lee Delgado
c/o Lanahan and Reilley
980 9th St 16th Fl
Sacramento, CA 95814

Dept of Fish and Game
POB 47
Yountville, CA 94599


EEOC
US Dept of Justice
Civil Rights Division
Washington, DC 20530


EPA
555 Capital Mall, #525
Sacramento, CA 95814


Eureka Canners Group SA
c o William J  Keegan
The Keegan Law  Firm
160 W Santa Clara  1400
San Jose CA 95113


Eureka Canners Group, S.A.
c/o Tom Linderman
2752 W Fir Ave.
Fresno, CA 93711


FGl Environmental Labs
2500 Stagecoach Rd
Stockton, CA 95215


Franchise Tax Board
P.O. Box 2952
Sacramento CA 95812-2952


Guaranty Federal Bank
c/o Anthony S. Guerriero, Esq.
Bray, Griger, Rudquist and Nuss
Stockton, CA 95202

```
Guaranty Federal Bank
c/o Zeba Ansari
8333 Douglas Ave.
Dallas, TX 75225


Guaranty Federal Bank
8333 Douglas Ave.
Dallas, TX  75225
Attn:  Zeba Ansari


Guaranty Federal Bank
c/o Anthony S. Guerriero, Esq.
Bray, Griger, Rudquist and Nuss
Stockton, CA  95202


Guaranty Federal Bank
c/o Zeba Ansari
8333 Douglas Ave.
Dallas, TX  75225


Anthony S. Guerriero
Bray, Geiger, Rudquist and Nuss
311 E Main St. #400
Stockton, CA 95202


Hoge Fenton Jones
60 South Market 1400
San Jose CA 95113-2396



Home Savings
2900 Standiford Avenue
Modesto, CA  95350
```

Home Savings Bank
Dept LA 0001
pasadena CA 91187-0001


Home Savings of America
Home Servicing of America
POB 60029
City of Industry, CA 91716-0029


Home Savings of America
P O Box 7180
Pasadena CA 91109


Internal Revenue Service
PO Box 99
Stop HQ 5430
San Jose, CA 95103


Irene Bianconi
445 W Weber #137
Stockton, CA 95203


Michael S. Janin
2222 W Grandview Blvd
Erie, PA 16506-4508


Jeff Swedlund
8030 Soquel Ave. #201
Santa Cruz, CA 95062

Lanahan and Reilley
980 9th St, 16th Fl.
Sacramento, CA 95814


Lee Delgado
c/o Canon T Young
980 Ninth St 16th Fl
Sacramento, CA 95814


Maria Teresa De Saracho
c o William J  Keegan
The Keegan Law  Firm
160 W Santa Clara  1400
San Jose CA 95113


Diane McNiel
Charles L. Hastings
Law Offices of Charles L. Hastings
4568 Feather River Dr. #A
Stockton, CA 95219


Ron McNiel Sr.
4719 Quail Lakes Dr. #G-253
Stockton, CA 95207


Michael S. Janin
2222 W Grandview Blvd
Erie, PA  16506-4508


Barry Milgrom
555 Montgomery Street,15th Floor
San Francisco, CA 94111


Craig Needham
c/o Charles B. Greene, Esq.
84 W Santa Clara St. #770
San Jose, CA 95113

North Bay Ford Lincoln
1999 Soquel  Avenue
Santa Cruz CA 95062


Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004


Parc Asbestos Removal
2706 S Railroad Ave
Fresno, CA 93725


Patrick Riddle
7574 Shoreline Dr.
Stockton, CA 95219


Public Health Services
Env Health Div
304 E Weber Ave 3d Fl
Stockton, CA 95201-0388


Quinn Buseck Leem
2222 W Grandview Blvd
Erie PA 16506-4508


Regional Water Quality
Cntrl Brd
SF Bay Region
2101 Webster St #500
Oakland, CA 94612

Riddle Isola
2291 W March Lane
Stockton CA 95207




Safeway Kleen Env
5050 Salida Blvd
Salida, CA 95368


Reid P. Schantz
133 Mission St., #230
Santa Cruz, CA 95060



Secretary of The Treasury
15th and Pennsylvania Ave. NW
Washington, DC 20220-0001



Sharon L. Hightower
152 N Third St. #700
San Jose, CA 95112


State Board of Equalization
Attn: Special Procedures Section, MIC:55
P.O. Box 942879
Sacramento, CA 94279



State of CA
Franchise Tax Board
POB 2952
Sacramento, CA 95812-2952



Jeff Swedlund
8030 Soquel Ave. #201
Santa Cruz, CA 95062

The Hoffman Co.
3217 Sheridan Way
Stockton CA 95219


Tokai Bank
505 Montgomery Street
San Francisco CA 94111


U.S. Attorney
Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102-3400


Susan L. Uecker
Uecker & Associates
100 Pine St. #475
San Francisco, CA 94111-3657


Uprite Construction
4055 N Wilson Way
Stockton CA 95205


Janet R. Walworth
Law Offices of Rehon and Roberts
10 Almaden Blvd. #550
San Jose, CA 95113


Washington Mutual Bank, F.A.
c/o Alvarado, Shapiro, and Wilson LLP
2677 N. Main St., Ste. 550
Santa Ana, CA 92705